UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDGARDO C. TRUPIL,

    Plaintiff,

v.                                        Case No: 3:13-cv-1428-J-39JRK

BACARDI BOTTLING CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 23; "R&R") entered by the Honorable James R. Klindt, United States Magistrate Judge, on June 6, 2014. The R&R arises from this Court's Order (Doc. 17) referring Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9; "Motion") to the Magistrate Judge. After a well-reasoned and thoughtful examination of Plaintiff's Amended Complaint (Doc. 5; "Amended Complaint") and Defendant's Motion, the R&R recommends: (1) Defendant's Motion be granted; (2) Plaintiff's Amended Complaint be dismissed without prejudice; and (3) that Plaintiff be allowed to file a second amended complaint within thirty days of entry of this Order. (Doc. 23 at 14). Plaintiff has not filed an objection to the R&R and the time to do so has passed.[1] Accordingly, the matter is ripe for review.

---

[1] Local Rule 6.02(a), United States District Court, Middle District of Florida, directs that any objections to a report and recommendation should be filed within fourteen days after service of the report and recommendation.

The Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions *de novo*. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM029SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007). Upon independent review of the file, the Court adopts the Magistrate Judge's R&R as the opinion of this Court, noting that Plaintiff's case could have been dismissed for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida (Local Rule(s))[2] and Rule 41(b) of the Federal Rules of Civil Procedure (Rule(s)).[3]

Plaintiff filed his initial complaint in this case on November 25, 2013. (Doc. 1).[4] On the same day, he sought leave to proceed *in forma pauperis* and the Magistrate Judge granted his request the following day. (Docs. 2 and 4). Plaintiff then filed his Amended Complaint (Doc. 5) on December 9, 2013. After Plaintiff filed his Amended

---

[2] "Whenever it appears that any case is not being diligently prosecuted the Court may . . . on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is show, the case may be dismissed by the Court for want of prosecution." Rule 3.10(a).

[3] "Under Rule 41(b) of the Federal Rules of Civil Procedure, a court has the authority to dismiss actions for failure to obey court orders." Williams v. Talladega Cmty. Action Agency, 528 F. App'x 979, 979 (11th Cir. 2013) (citations omitted); see also Kennedy v. AT&T, Inc., 546 F. App'x 817, 819 (11th Cir. 2013) ("A district court may sua sponte dismiss an action for failure to obey a court order under Federal Rules of Civil Procedure 41(b)) (citation omitted).

[4] Plaintiff proceeds *pro se* in this action.

Complaint, the Magistrate Judge entered an order "to inform Plaintiff of some, but not all, of the procedural rules with which he must comply." (Doc. 6 at 1). The Court warned Plaintiff that his *pro se* status did not excuse him from complying with all applicable laws and rules, including "the Local Rules of the Middle District of Florida." Id. Additionally, the Magistrate Judge informed Plaintiff that "[he] must timely respond to the motions filed by other parties in this case" within fourteen days. (Id. at 2). The Magistrate Judge went on to caution Plaintiff that "he must abide by and comply with all orders of this Court [as] [f]ailure to do so may result in sanctions, including dismissal of this case." (Id. at 4).

Subsequent to the Magistrate Judge's Order (Doc. 6), Defendant filed its Motion on January 2, 2014. Plaintiff failed to file a response in opposition to Defendant's Motion. Accordingly, the Court issued an Order directing Plaintiff to file a response, and advised "that failure to respond to the motion as ordered may result in dismissal of Plaintiff's claims for failure to prosecute pursuant to Local Rule 3.01(a)." (Doc. 11). February 28, 2014 came and passed without Plaintiff filing a response. In an abundance of caution, the Court issued an additional Order (Doc. 12) directing Plaintiff to explain why the case should not be dismissed for failure to prosecute by April 18, 2014. On April 18, 2014, Plaintiff filed a Notice (Doc. 16; "Notice") which asked for the Court to not dismiss his case. The Notice did not explain why he failed to comply with previous Court orders. However, the Magistrate Judge gave Plaintiff the benefit of the doubt and allowed "Plaintiff [] one final opportunity to file a response to the Motion to Dismiss." (Doc. 22 at 2). The Magistrate Judge ordered Plaintiff to respond by May 12, 2014, and went to great lengths to explain how Plaintiff should file his response, while again

cautioning him that failure to respond could result in dismissal of his claims. Id. May 12, 2014 went by without a response from Plaintiff.

The record demonstrates Plaintiff has routinely ignored deadlines and orders issued by this Court, despite numerous warnings that such inaction could result in dismissal. While Plaintiff's behavior warrants dismissal, the Court is allowing Plaintiff one final opportunity to pursue his case. Balitmore v. Jim Burke Motors, Automotive, 300 F. App'x 703, 707 (11th Cir. 2008) ("[T]he court properly dismissed the case as a sanction for [pro se Plaintiff's] repeated refusal to comply with the court's orders."). However, the Court will not tolerate any further neglect of this case by Plaintiff. This is especially important where Plaintiff proceeds in forma pauperis because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks [] economic incentive[s]" to avoid abusive and wasteful behavior. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Plaintiff is warned that dismissal of his case, even without prejudice, may foreclose him from prosecuting these claims in the future due to time limitations. Moreover, the Court retains the option to dismiss Plaintiff's case with prejudice, should Plaintiff ignore any future deadlines.

Accordingly, after due consideration, it is

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 23) is **ADOPTED** as the opinion of the Court.

2. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9) is **GRANTED**.

3. The Amended Complaint (Doc. 5) is **DISMISSED** without prejudice.

- 5 -

4. Plaintiff is directed to file a second amended complaint, which addresses all deficiencies identified in the Magistrate Judge's Report and Recommendation no later than **August 4, 2014**.

5. Failure to comply with any part of this Order will result in dismissal of this action.

6. The Clerk of the Court is directed to terminate any pending motions and close this case, subject to reopening should Plaintiff file a second amended complaint.

**DONE** and **ORDERED** in Jacksonville, Florida this 15th day of July, 2014.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:
The Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record
Unrepresented Parties